**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BRIAN WILLIAM WALLACE,**

    **Plaintiff,**

**v.**                                                  **Case No.  8:14-cv-1067-T-27TBM**

**KOUSAY SAM ASKAR, et al.**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Affidavit (Doc. 2), which is construed as a motion for leave to proceed *in forma pauperis,* pursuant to 28 U.S.C. § 1915.[1]  As explained below, I recommend that Plaintiff's case be transferred to the Fort Meyers division.

---

[1] In pertinent part, § 1915 provides that:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).  It further provides that the court must dismiss a case at any time if the court determines that (a) the allegation of poverty is untrue, or (b) the action is frivolous or malicious or fails to state a claim on which relief may be granted. *Id.* at (e)(2)(A), (B).

Plaintiff, a resident of Colorado,[2] sues Kousay Sam Askar (Askar), a resident of Naples, Florida; Evans Energy Partners LLC, d/b/a Askar Oil (Askar Oil), a Delaware corporation with its principal place of business in Naples, Florida; and Jane and John Does, 1-100. Plaintiff alleges diversity as the basis for jurisdiction. He alleges further that venue is proper in this district under 28 U.S.C. § 1402(b), because "[a]ll of the claimed events occurred in the Naples, Florida area . . ." (Doc. 1, ¶ 5). Plaintiff alleges claims for fraud, constructive fraud, negligence, conspiracy, breach of contract, and intentional infliction of emotional distress, all of which appear to stem from an alleged breach of an oral contract entered into by Plaintiff and Askar and Askar Oil on October 26, 2013, whereby Plaintiff "would procure customers for the fleet island for Askar Oil and Defendant would reimburse Plaintiff 500.00 USD a month to be used at Plaintiff's discretion for sales expenses and meals, to be paid by the fifth of the following month and was offered 10% of gross profit from fuel contracts, to be paid by the fifth of the following month, perpetual . . ."[3] (Doc. 1, ¶¶ 8-10, 27). Plaintiff alleges he has performed his obligations under the contract but Defendants have not reimbursed him for expense invoices or paid him for fuel contracts. *Id.,* ¶ 28.

The local rules of this Court provide that, "[a]ll civil proceedings of any kind shall be instituted in that Division encompassing the county or counties having the greatest nexus with the cause, giving due regard to the place where the claim arose and the residence or

---

[2]Plaintiff states in paragraph one of the Complaint that he is a citizen "under the laws of the United States and State of Florida." Plaintiff, however, also states that his county of residence is "outside this district," and that he is a resident of Arapahoe. (Doc. 1 at 7-8). Additionally, the docket reflects an address in Greenwood Village, Colorado.

[3]In support, Plaintiff cites to his "unrebutted affidavit, attached as Exhibit A." (Doc. 1, ¶ 10). There is not Exhibit A attached to the Complaint.

principal place of business of the parties." M.D. Fla. R. 1.02(c). According to the allegations in the Complaint, Defendant Askar resides in Naples, Florida; Defendant Askar Oil has a principal place of business in Naples, Florida; and all alleged acts occurred in Naples, Florida. Naples is a city in Collier County, Florida, and it is part of this District. Naples, however, is in the Fort Meyers Division of this District, not the Tampa Division. Under the local rules, "[t]he Court may, within its discretion, . . . order that any case, civil or criminal, be transferred from one Division to any other Division for trial, or from one place of holding court to another place of holding court in the same Division."[4] M.D. Fla. R. 3.01(e). Given that all Defendants and all acts alleged by Plaintiff occurred in Naples, Florida, it is appropriate to transfer this case to the Fort Meyers Division. Thus, I RECOMMEND that the Court abstain from ruling on Plaintiff's construed Motion and transfer this matter to Fort Meyers.

          Respectfully submitted on this
          22nd day of May 2014.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an

---

[4] Title 28 U.S.C. § 1393, which provided divisional venue within districts divided into more than one division, was repealed in 1988. Pub. L. No. 100-702, 102 Stat. 4664 (1988). Thus, it is appropriate to turn to this Court's local divisional venue rule.

3

aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.

Copies to:
The Honorable James W. Whittemore, United States District Judge
Pro se Plaintiff